# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

BILLY RAY ROBERTSON, GDC    :
\# 824124,    :    PRISONER HABEAS CORPUS
    :    28 U.S.C. § 2254
    Petitioner,    :
    :    CIVIL ACTION NO.
v.    :    1:07-CV-797-RWS
    :
ALEXIS CHASE, Warden,    :
    :
    Respondent.    :

## ORDER

This case comes before the Court on Judge Gerrilyn G. Brill's Report and Recommendation [52] and the Objections thereto [55]. After a review of the record, the Court enters the following order.

Judge Brill's Report and Recommendation [52] sets out the factual and procedural background in this case. To avoid unnecessary duplication, the Court **ADOPTS** her factual findings here. The Court also adopts the legal conclusions in the Report and Recommendation as they relate to all issues with the exception of the Confrontation Clause issue.

In reviewing the Petitioner's objections, the Court finds that his objections to Judge Brill's Confrontation Clause analysis warrant further

consideration. In her order, Judge Brill rejected the Petitioner's contention that a "*de novo* determination free from the constraints of 28 U.S.C. § 2254(d)(1)" was appropriate in this matter, and she elected to use the more deferential standard advocated by Harrington v. Richter, ___ U.S. ___, 131 S.Ct. 770, 780, 784 (2011) and Childers v. Floyd, 642 F.3d 953, 971 (11th Cir. 2011). These cases hold that a state court's summary adjudication is presumed on the merits unless the state specifically invokes a state procedural rule, and if the state court made an adjudication on the merits, *de novo* review is not appropriate. Childers, 642 F.3d at 969-71. Because Judge Brill found that the Georgia Supreme Court's decision did not rest on a state procedural bar, she found that a *de novo* review was inappropriate here. Dkt. No. [52] at 25.

Petitioner argues that a *de novo* review is warranted in this matter, as when the Georgia Supreme Court addressed the Confrontation Clause in Petitioner's direct appeal, Crawford v. Washington, 541 U.S. 34 (2004) had not yet been decided. See Robertson v. State, 493 S.E.2d 697, 703-04 (Ga. 1997). Thus, he argues, it would be inappropriate to give deference to the state court's decision when the governing law that existed at the time of the direct appeal is

not the same standard which now properly governs the Petitioner's claim. Dkt. No. [55] at 5.

The Petitioner's argument does give the Court pause as the Georgia Supreme Court did not apply the <u>Crawford</u> standard in this matter.[1] However, because the Court finds that even under a *de novo* review the Confrontation Clause is not implicated, the Court concludes that Petitioner is not entitled to habeas corpus relief.

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." In <u>Crawford</u>, the Supreme Court changed the landscape of Confrontation Clause analysis, holding that testimonial statements of witnesses absent from trial are only admissible when the declarant is unavailable and where the defendant has a prior opportunity to cross-examine the witness. 541 U.S. at 59. In this case, all parties agree that the witness in question–Brady–was unavailable because of his assertion of his 5th

---

[1]As evidence to that effect, the Georgia Supreme Court used the "indicia of reliability" language from <u>Ohio v. Roberts</u>, 448 U.S. 56 (1980) when it decided whether Avery's statements against Petitioner violated the Confrontation Clause. <u>Robertson</u>, 493 S.E.2d at 703.

Amendment privilege, and that Petitioner did not have a prior opportunity to cross-examine him. Thus, the question before the Court is whether Brady's statements were testimonial.

As Judge Brill noted, Brady's statements are not testimonial because:

(1) they do not fall within, and are not similar to, any of the examples of testimonial statements given in Crawford or Davis[ v. Washington, 547 U.S. 813 (2006)], or that are the subject of the recent cases of Bullcoming v. New Mexico, 131 S. Ct. 2705 (2011) and Melendez-Diaz v. Massachusetts, 129 S. Ct. 2527 (2009); (2) In Crawford and Davis the Supreme Court cites its earlier decision in Bourjaily v. United States, 483 U.S. 171, 181-84 (1987) for the proposition that statements made unwittingly to a government informant are nontestimonial; (3) In [United States v.] Underwood,[446 F.3d 1340, 1347 (11th Cir. 2006),] the Eleventh Circuit stated that testimonial statements are "statements made under circumstances which would lead the declarant to believe that the statement would be available for use at a later trial."

Dkt. No. [52] at 29-30. Using this declarant-based inquiry, the Second, Third, Sixth, Seventh, Tenth, and Eleventh Circuits have all found in published opinions that statements to third-party informants are not testimonial.[2] As well,

---

[2]See, e.g., United States v. Smalls, 605 F.3d 765, 778-80 (10th Cir. 2010) (statement to a prison informant who was wearing a recording device); United States v. Johnson, 581 F.3d 320, 323-25 (6th Cir. 2009) (same); United States v. Watson, 525 F.3d 583, 589 (7th Cir. 2008) (statement to informant who was wearing recording device); Underwood, 446 F.3d at 1346-48; United States v. Hendricks, 395 F.3d 173, 184 (3d. Cir. 2005) (same); United States v. Saget, 377 F.3d 223, 229 (2d. Cir. 2004) (same).

AO 72A
(Rev.8/82)

the Sixth Circuit has even found that statements to an undercover police officer are not testimonial because the declarant is not making the statements with the anticipation that they will later be used at trial. United States v. Mooneyham, 473 F.3d 280, 286-87 (6th Cir. 2007). "Here, as in Underwood, the statements made by Kenneth Brady to Hammett, a confidential informant, were not made under circumstances in which Brady would have expected his statements to be used in court. See also United States v. Makarenkov, 401 F. App'x 442 (11th Cir. 2010) (finding that statements made to confidential informant were not testimonial)." Dkt. No. [52] at 30. Thus, the Court finds, even under a *de novo* review, that the introduction of Brady's statements did not violate the Confrontation Clause.

Additionally, Petitioner argues that while many courts have found statements to informants non-testimonial, those statements have been in furtherance of an underlying conspiracy. Because Brady's statements were three years after the murders, Petitioner argues that these statements are "something in between" a statement to a casual acquaintance and a statement to the police, and that the Confrontation Clause should apply.

AO 72A
(Rev.8/82)

However, as Judge Brill correctly noted, the issue of whether the statements were properly admitted as co-conspirator statements is a matter of Georgia evidence law and in no way involves the Confrontation Clause. Once the court decides that the statements are non-testimonial, the Confrontation Clause is no longer implicated after Crawford and its progeny, regardless of whether the statement is reliable. Whorton v. Bockting, 549 U.S. 406, 420 (2007) ("Under Crawford, . . . the Confrontation Clause has no application to [non-testimonial] statements and therefore permits their admission even if they lack indicia of reliability."). Thus, the Court finds that the admission of Brady's statements did not violate the Confrontation Clause.

The Court will **GRANT** Petitioner a certificate of appealability on the Confrontation Clause issue because, due to the unique facts of this case, the issue has not previously been addressed and may be subject to debate among reasonable jurists. However, Petitioner is **DENIED** a certificate of appealability on all other issues for the reasons stated by Judge Brill.

Based on the foregoing, Petitioner Billy Ray Robertson's petition for writ of habeas corpus [1] and First Amended Petition [38] are **DENIED**.

AO 72A
(Rev.8/82)

**SO ORDERED**, this __26th__ day of March, 2012.


RICHARD W. STORY
United States District Judge

AO 72A
(Rev.8/82)